1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

PHOENIX FILMS PROPRIETARY
LIMITED, an Australian company;
LEGACY PRODUCTIONS LIMITED, a
New Zealand company; and WARRIOR
WITHIN PROPRIETARY LIMITED, an
Australian company,

No.

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

12

Plaintiffs,

**DEMAND FOR JURY TRIAL**

13

v.

14

15

16

17

AMAZON.COM, INC., a Washington
corporation; BAKER & TAYLOR, INC., a
Delaware corporation; INGRAM
ENTERTAINMENT HOLDINGS, INC., a
Tennessee corporation; and
ALLUMINATION FILMWORKS LLC, a
Delaware limited liability company,

18

Defendants.

19

COME NOW Plaintiffs Phoenix Films Proprietary Limited, Legacy Productions

20

Limited, and Warrior Within Proprietary Limited, by and through their attorneys Meltzer

21

Grant LLC, and allege as follows:

22

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

**PARTIES**

1. Plaintiff Phoenix Films Proprietary Limited ("Phoenix") is an Australian company doing business internationally, including Japan, New Zealand, Hong Kong, and the United States. Specifically, Phoenix owns and distributes the documentary film <u>The Intercepting Fist</u>, which is part of the intellectual property at issue in this lawsuit.

2. Plaintiff Legacy Productions Limited ("Legacy") is a New Zealand company doing business internationally, including Japan, Australia, Hong Kong, and the United States. Specifically, Legacy owns and distributes the film <u>Bruce Lee's Jeet Kune Do</u>, which is part of the intellectual property at issue in this lawsuit.

3. Plaintiff Warrior Within Proprietary Limited ("Warrior Within") is an Australian company doing business internationally, including Japan, New Zealand, Hong Kong, and the United States. Specifically, Warrior Within owns and distributes the documentary film <u>Bruce Lee: Path of the Dragon</u> (collectively, with <u>Bruce Lee's Jeet Kune Do</u> and <u>The Intercepting Fist</u>, the "Films"), which is part of the intellectual property at issue in this lawsuit.

4. Both Legacy and Warrior Within are wholly owned subsidiaries of Phoenix.

5. Upon information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Washington corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210.

6. Upon information and belief, Defendant Baker & Taylor, Inc. ("Baker & Taylor") is a Delaware corporation with its principal place of business at 2550 West Tyvola Road, Suite 300, Charlotte, North Carolina 28217.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2

Meltzer Grant LLC
107 SE Washington St. #410
Portland, OR 97214
503-345-6912

7.      Upon information and belief, Defendant Ingram Entertainment Holdings, Inc. ("Ingram") is a Tennessee Corporation with its principal place of business at Two Ingram Blvd., La Vergne, Tennessee 37089.

8.      Upon information and belief, Defendant Allumination Filmworks LLC is a Delaware Limited Liability Company with its principal place of business at 21250 Califa Street, Suite 102, Woodland Hills, California 91367.

## JURISDICTION AND VENUE

9.      This is a civil action seeking damages and injunctive relief for copyright infringement, falsification of copyright management information, and removal or alteration of copyright management information.

10.     Phoenix, Legacy, and Warrior Within are alien plaintiffs.

11.     The Court has original subject matter jurisdiction over this action pursuant to the provisions of the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq*, 28 U.S.C. §§ 1338 (a) and (b), and 28 U.S.C. § 1331.

12.     The Court has personal jurisdiction over the Defendants, who have sufficiently continuous, systematic, and routine contacts with Washington to establish such jurisdiction. Wrongful acts of the Defendants alleged herein occurred in and caused injury to Plaintiffs in Washington.

13.     Venue in Federal District Court for the Western District of Washington is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and (c).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

## BACKGROUND

14.     Plaintiff Legacy is in the business of producing and distributing films, including the documentary film <u>Bruce Lee's Jeet Kune Do</u>. This film is a premium product and a one of a kind work, featuring the only known footage of Bruce Lee describing his groundbreaking Jeet Kune Do philosophy of mixed martial arts.

15.     Mr. Lee is a celebrated cultural icon around the world and his image is instantly recognizable.

16.     Legacy produced <u>Bruce Lee's Jeet Kune Do</u> in cooperation with and under license from the Estate of Bruce Lee.

17.     <u>Bruce Lee's Jeet Kune Do</u> is the subject of copyright protection under the laws of the United States. Legacy registered the work with the United States Copyright Office and received copyright certificate # PA-827-004, effective July 28, 1996. The film contains a copyright notice in its opening credits showing Legacy as the copyright holder, and such copyright notice is also present on the cover of previously authorized reproductions of the film. Attached hereto as Exhibit A is a correct and true copy of the copyright registration.

18.     Plaintiff Phoenix is in the business of producing and distributing films, including the film <u>The Intercepting Fist</u>. This documentary film is a premium product and a one of a kind work, featuring behind the scenes and rare footage of Mr. Lee.

19.     Phoenix produced <u>The Intercepting Fist</u> in cooperation with and under license from the Estate of Bruce Lee.

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

20.     <u>The Intercepting Fist</u> is the subject of copyright protection under the laws of the United States. Phoenix registered the work with the United States Copyright Office and received copyright certificate # PA1-032-415, effective February 27, 2001. This film contains a copyright notice in its closing credits showing Phoenix as the copyright holder, and such copyright notice is also present on the cover of previously authorized reproductions of the film. Attached hereto as Exhibit B is a correct and true copy of the copyright registration.

21.     Plaintiff Warrior Within is in the business of producing and distributing films, including the film <u>Bruce Lee: Path of the Dragon</u>. This documentary film is a premium product and a one of a kind work, featuring behind the scenes and rare footage of Mr. Lee. Warner Bros. Entertainment, Inc.'s popular movie review website, rottentomatoes.com, describes <u>Bruce Lee: Path of the Dragon</u> as "one of the best [documentaries] on Lee" (see http://www.rottentomatoes.com/m/path_of_the_dragon/, accessed November 29, 2011, 1:58 pm PST).

22.     Warrior Within produced <u>Bruce Lee: Path of the Dragon</u> in cooperation with and under license from the Estate of Bruce Lee.

23.     <u>Bruce Lee: Path of the Dragon</u> is the subject of copyright protection under the laws of the United States. Warrior Within registered the work with the United States Copyright Office and received copyright certificate # PA 891-718, effective April 21, 1998. This film contains a copyright notice in its closing credits showing Warrior Within as the copyright holder, and such copyright notice is also present on the cover of previously authorized

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

1  reproductions of the film. Attached hereto as Exhibit C is a correct and true copy of the

2  copyright registration.

3       24.     On or around July 1, 2009, Legacy discovered that a low quality DVD version of

4  Bruce Lee's Jeet Kune Do had been created, reproduced, imported into the United States, and

5  sold without authorization.

6       25.     Legacy's investigation revealed that Modern Audio Ltd., a Hong Kong

7  company, had created the videos in Hong Kong, which were later imported and distributed by

8  a large American home entertainment company. That matter was the subject of a lawsuit in

9  this Court, Case No. 2:09-cv-1822 RAJ, *Legacy Productions Limited v. U2 Home Entertainment Inc. et*

10 *al* ("Lawsuit"). The Lawsuit was resolved on September 7, 2010, before trial.

11      26.     After the resolution of the Lawsuit, Legacy discovered that Bruce Lee's Jeet

12 Kune Do continued to be reproduced and distributed without authorization. Further

13 investigation into these continued distributions also revealed unauthorized reproductions and

14 distributions of The Intercepting Fist and Bruce Lee: Path of the Dragon.

15      27.     On information and belief, Amazon has sold and distributed a yet-to-be

16 determined number of copies of the Films in Washington and elsewhere, either directly to

17 consumers, through third party distributors and retailers, or both.

18      28.     On information and belief, Baker & Taylor has sold and distributed a yet-to-be

19 determined number of copies of the Films in Washington and elsewhere, either directly to

20 consumers, through third party distributors and retailers, or both.

21

22

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

29.     On information and belief, Ingram has sold and distributed a yet-to-be determined number of copies of the Films in Washington and elsewhere, either directly to consumers, through third party distributors and retailers, or both.

30.     On information and belief, Allumination has created, manufactured, sold, and/or distributed a yet-to-be determined number of copies of the Films in Washington and elsewhere, either directly to consumers, through third party distributors and retailers, or both.

31.     The unauthorized reproduction and distribution of the Films have caused Legacy, Phoenix, and Warrior Within to suffer damages in Washington.

**FIRST CAUSE OF ACTION—COPYRIGHT INFRINGEMENT OF BRUCE LEE'S JEET KUNE DO**

32.     Plaintiff Legacy incorporates paragraphs 1 through 31 above, as though fully set forth herein.

33.     Legacy holds a valid and exclusive copyright to Bruce Lee's Jeet Kune Do that is a subject of this action and that is evidenced by its copyright registration certificate.

34.     As set forth above, despite the copyright notice in the opening credits of the film and on the product packaging of authorized and unauthorized copies of the film, Defendant Amazon willfully distributed copies of Bruce Lee's Jeet Kune Do without Legacy's authorization.

35.     Legacy first sent legal notice of copyright infringement to Amazon on July 13, 2009.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

36.     On July 20, 2009, Amazon's Copyright/Trademark Agent, Adrian Garver, wrote that Amazon was in the process of removing "Bruce Lee's Jeet Kune Do" from Amazon.com.

37.     On July 24, 2009, and again on September 16, 2009, Legacy formally requested further information from Amazon regarding the infringement, but received no response.

38.     Although Legacy believed that its Lawsuit against U2 Home Entertainment had resolved the infringements, Legacy discovered that Amazon continued to sell an unauthorized version of Bruce Lee's Jeet Kune Do with reckless disregard to Legacy's copyright.

39.     Accordingly, Legacy again sent legal notice of copyright infringement to Amazon and one of its sellers, Clyde Parks, on January 4, 2011.

40.     On January 5, 2011, Amazon's Copyright/Trademark Agent, Adrian Garver, again wrote that Amazon was in the process of removing the film.

41.     Garver further wrote that Bruce Lee's Jeet Kune Do "was supplied by the distributors Baker & Taylor, Ingram and Allumination filmworks [sic]."

42.     The actions and conduct by Defendant Amazon infringe upon Legacy's exclusive 17 U.S.C. § 106 rights.

43.     Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

44.     As a result of the copyright infringement described above, Legacy is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

45.     As set forth above, despite the copyright notice in the opening credits of the film and on the product packaging of authorized and unauthorized copies of the film, Defendant Baker & Taylor willfully distributed copies of Bruce Lee's Jeet Kune Do without Legacy's authorization.

46.     After investigating and confirming Baker & Taylor's illegal actions, Legacy first sent legal notice of copyright infringement to Baker & Taylor on September 10, 2009.  Baker & Taylor did not respond.

47.     Although Legacy believed that its Lawsuit against U2 Home Entertainment had resolved the infringements, Legacy received notice from Amazon on January 5, 2011, that Baker & Taylor continued to distribute Bruce Lee's Jeet Kune Do without Legacy's authorization.

48.     On January 24, 2011, Legacy again sent legal notice of copyright infringement to Baker & Taylor. Again, Baker & Taylor did not respond.

49.     The actions and conduct by Defendant Baker & Taylor infringe upon Legacy's exclusive 17 U.S.C. § 106 rights.

50.     Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

51.     As a result of the copyright infringement described above, Legacy is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

52.   As set forth above, despite the copyright notice in the opening credits of the film and on the product packaging of authorized and unauthorized copies of the film, Defendant Ingram willfully distributed copies of <u>Bruce Lee's Jeet Kune Do</u> without Legacy's authorization.

53.   In the course of its investigation, Legacy received correspondence from John J. Fletcher, counsel for Ingram, on September 11, 2009. In his correspondence, Mr. Fletcher wrote that while Ingram had purchased its copies from various distributors, it would no longer make the film available for purchase.

54.   Although Legacy believed that its Lawsuit against U2 Home Entertainment had resolved the infringements, Legacy received notice from Amazon on January 5, 2011, that Ingram continued to distribute <u>Bruce Lee's Jeet Kune Do</u> without Legacy's authorization and in reckless disregard of Legacy's copyright.

55.   The actions and conduct by Defendant Ingram infringe upon Legacy's exclusive 17 U.S.C. § 106 rights.

56.   Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

57.   As a result of the copyright infringement described above, Legacy is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

58.   As set forth above, despite the copyright notice in the opening credits of the film and on the product packaging of authorized and unauthorized copies of the film, Defendant

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

1   Allumination willfully reproduced (or caused to be reproduced) and distributed copies of <u>Bruce</u>

2   <u>Lee's Jeet Kune Do</u> without Legacy's authorization.

3   59.   Although Legacy believed that its Lawsuit against U2 Home Entertainment had

4   resolved the infringements, Legacy received notice from Amazon on January 5, 2011, that

5   Allumination was distributing <u>Bruce Lee's Jeet Kune Do</u> without Legacy's authorization.

6   60.   Legacy sent formal legal notice of copyright infringement to Allumination on

7   January 24, 2011.

8   61.   Although Legacy sought to resolve this matter outside of Court, Allumination

9   denied that it distributed <u>Bruce Lee's Jeet Kune Do</u>.

10   62.   The actions and conduct by Defendant Allumination infringe upon Legacy's

11   exclusive 17 U.S.C. § 106 rights.

12   63.   Such actions and conduct constitute copyright infringement under 17 U.S.C. §

13   501 and 17 U.S.C. § 602(a).

14   64.   As a result of the copyright infringement described above, Legacy is entitled to

15   relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory

16   costs and attorney's fees, and prejudgment interest.

17

18   **SECOND CAUSE OF ACTION—COPYRIGHT INFRINGEMENT OF BRUCE LEE:**

19   **PATH OF THE DRAGON**

20   65.   Plaintiff Warrior Within incorporates paragraphs 1 through 64 above, as though

21   fully set forth herein.

22

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 11

66.     Warrior Within holds a valid and exclusive copyright to <u>Bruce Lee: Path of the Dragon</u> that is a subject of this action and that is evidenced by its copyright registration certificate.

67.     <u>Bruce Lee: Path of the Dragon</u> was previously reproduced and distributed with authorization in the United States by United American Video in VHS and DVD formats.

68.     As set forth above, despite the copyright notice in the closing credits of the film and on the product packaging of authorized copies of the film, Defendant Allumination willfully reproduced (or caused to be reproduced) and distributed copies of <u>Bruce Lee: Path of the Dragon</u> without Warrior Within's authorization.

69.     Although Warrior Within, through its parent company Phoenix Films, sought to resolve this matter outside of Court, Allumination denied that it reproduced or caused to be reproduced and distributed copies of <u>Bruce Lee: Path of the Dragon</u>.

70.     The actions and conduct by Defendant Allumination infringe upon Warrior Within's exclusive 17 U.S.C. § 106 rights.

71.     Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

72.     As a result of the copyright infringement described above, Warrior Within is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

73. As set forth above, despite the copyright notice in the closing credits of the film and on the product packaging of authorized copies of the film, Defendant Amazon willfully distributed copies of Bruce Lee: Path of the Dragon without Warrior Within's authorization.

74. The actions and conduct by Defendant Amazon infringe upon Warrior Within's exclusive 17 U.S.C. § 106 rights.

75. Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

76. As a result of the copyright infringement described above, Warrior Within is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

77. As set forth above, despite the copyright notice in the closing credits of the film and on the product packaging of authorized copies of the film, Defendant Baker & Taylor willfully distributed copies of Bruce Lee: Path of the Dragon without Warrior Within's authorization.

78. The actions and conduct by Defendant Baker & Taylor infringe upon Warrior Within's exclusive 17 U.S.C. § 106 rights.

79. Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

80. As a result of the copyright infringement described above, Warrior Within is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 13

81.     As set forth above, despite the copyright notice in the closing credits of the film and on the product packaging of authorized copies of the film, Defendant Ingram willfully distributed copies of <u>Bruce Lee: Path of the Dragon</u> without Warrior Within's authorization.

82.     The actions and conduct by Defendant Ingram infringe upon Warrior Within's exclusive 17 U.S.C. § 106 rights.

83.     Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

84.     As a result of the copyright infringement described above, Warrior Within is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

## <u>THIRD CAUSE OF ACTION—COPYRIGHT INFRINGEMENT OF THE</u>

## <u>INTERCEPTING FIST</u>

85.     Plaintiff Phoenix incorporates paragraphs 1 through 84 above, as though fully set forth herein.

86.     Phoenix holds a valid and exclusive copyright to <u>The Intercepting Fist</u> that is a subject of this action and that is evidenced by its copyright registration certificate.

87.     <u>The Intercepting Fist</u> was previously reproduced and distributed with authorization in the United States by United American Video in VHS and DVD formats.

88.     As set forth above, despite the copyright notice in the closing credits of the film and on the product packaging of authorized copies of the film, Defendant Allumination

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 14

Meltzer Grant LLC
107 SE Washington St. #410
Portland, OR 97214
503-345-6912

1  willfully reproduced (or caused to be reproduced) and distributed copies of <u>The Intercepting</u>

2  <u>Fist</u> without Phoenix's authorization.

3       89.     Although Phoenix sought to resolve this matter outside of Court, Allumination

4  denied that it reproduced or caused to be reproduced and distributed copies of <u>The</u>

5  <u>Intercepting Fist</u>.

6       90.     The actions and conduct by Defendant Allumination infringe upon Phoenix's

7  exclusive 17 U.S.C. § 106 rights.

8       91.     Such actions and conduct constitute copyright infringement under 17 U.S.C. §

9  501 and 17 U.S.C. § 602(a).

10      92.     As a result of the copyright infringement described above, Phoenix is entitled to

11 relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory

12 costs and attorney's fees, and prejudgment interest.

13      93.     As set forth above, despite the copyright notice in the closing credits of the film

14 and on the product packaging of authorized copies of the film, Defendant Amazon willfully

15 distributed copies of <u>The Intercepting Fist</u> without Phoenix's authorization.

16      94.     The actions and conduct by Defendant Amazon infringe upon Phoenix's

17 exclusive 17 U.S.C. § 106 rights.

18      95.     Such actions and conduct constitute copyright infringement under 17 U.S.C. §

19 501 and 17 U.S.C. § 602(a).

20

21

22

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 15

96.     As a result of the copyright infringement described above, Phoenix is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

97.     As set forth above, despite the copyright notice in the closing credits of the film and on the product packaging of authorized copies of the film, Defendant Baker & Taylor willfully distributed copies of <u>The Intercepting Fist</u> without Phoenix's authorization.

98.     The actions and conduct by Defendant Baker & Taylor infringe upon Phoenix's exclusive 17 U.S.C. § 106 rights.

99.     Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

100.    As a result of the copyright infringement described above, Phoenix is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

101.    As set forth above, despite the copyright notice in the closing credits of the film and on the product packaging of authorized copies of the film, Defendant Ingram willfully distributed copies of <u>The Intercepting Fist</u> without Phoenix's authorization.

102.    The actions and conduct by Defendant Ingram infringe upon Phoenix's exclusive 17 U.S.C. § 106 rights.

103.    Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

104.     As a result of the copyright infringement described above, Phoenix is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

## FOURTH CAUSE OF ACTION—REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

105.     Plaintiffs reincorporate paragraphs 1 – 104 above, as though fully set forth herein.

106.     By causing to be placed or placing names and logos on unauthorized copies of The Intercepting Fist and Bruce Lee: Path of the Dragon that it distributed, Defendant Allumination, without authority, intentionally removed or altered copyright management information; distributed copies of The Intercepting Fist and Bruce Lee: Path of the Dragon knowing that copyright management information had been removed or altered; and did so knowing or having reasonable grounds to know that its actions will induce, enable, facilitate, or conceal an infringement.

107.     Such actions and conduct constitute the removal or alteration of copyright management information under 17 U.S.C. § 1202(b).

108.     As a result of the removal or alteration of copyright management information as described above, Phoenix is entitled to relief including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 17

1   **FIFTH CAUSE OF ACTION—FALSIFICATION OF COPYRIGHT MANAGEMENT**

2   **INFORMATION**

3       109.    Plaintiffs reincorporate paragraphs 1 through 108 above, as though fully set forth

4   herein.

5       110.    By causing to be placed or placing names and logos on unauthorized copies of

6   The Intercepting Fist and Bruce Lee: Path of the Dragon that it distributed, Defendant

7   Allumination knowingly and with the intent to enable, facilitate, or conceal infringement,

8   provided false copyright management information and distributed copyright management

9   information that is false.

10       111.    Such actions and conduct constitute the falsification of copyright management

11   information under 17 U.S.C. § 1202(a).

12       112.    As a result of the falsification of copyright management information, Legacy is

13   entitled to relief including, but not limited to, injunctive relief, actual or statutory damages,

14   statutory costs and attorney's fees, and prejudgment interest.

15

16   **PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiffs pray for the following relief:

18       A.   On the First Cause of Action, for an award of Defendants' profits and for actual

19   damages in such amount as may be found, or for statutory damages of not less than $750 or

20   more than $30,000 per copy pursuant to 17 U.S.C. § 504(c)(1). Alternatively, for an award of

21   statutory damages up to $150,000 upon a finding of willful infringement pursuant to 17 U.S.C. §

22

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 18

504(c)(2). And for an order permanently enjoining Defendants from infringing Plaintiff Legacy's copyrighted film pursuant to 17 U.S.C. § 502 and for an award of costs and attorney's fees pursuant to 17 U.S.C. § 505.

B.   On the Second Cause of Action, for an award of Defendants' profits and for actual damages in such amount as may be found, or for statutory damages of not less than $750 or more than $30,000 per copy pursuant to 17 U.S.C. § 504(c)(1). Alternatively, for an award of statutory damages up to $150,000 upon a finding of willful infringement pursuant to 17 U.S.C. § 504(c)(2). And for an order permanently enjoining Defendants from infringing Plaintiff Warrior Within's copyrighted film pursuant to 17 U.S.C. § 502 and for an award of costs and attorney's fees pursuant to 17 U.S.C. § 505.

C.   On the Third Cause of Action, for an award of Defendants' profits and for actual damages in such amount as may be found, or for statutory damages of not less than $750 or more than $30,000 per copy pursuant to 17 U.S.C. § 504(c)(1). Alternatively, for an award of statutory damages up to $150,000 upon a finding of willful infringement pursuant to 17 U.S.C. § 504(c)(2). And for an order permanently enjoining Defendants from infringing Plaintiff Phoenix's copyrighted film pursuant to 17 U.S.C. § 502 and for an award of costs and attorney's fees pursuant to 17 U.S.C. § 505.

D.   On the Fourth Cause of Action, for an award of Allumination's profits and for actual damages in such amount as may be found, or for statutory damages of not less than $2,500 or more than $25,000 per violation pursuant to 17 U.S.C. § 1203(c)(3)(b). And for an order permanently enjoining Allumination from removing or altering Plaintiffs' copyright

Meltzer Grant LLC
107 SE Washington St. #410
Portland, OR 97214
503-345-6912

1   management information pursuant to 17 U.S.C. § 1203(b)(1) and for an award of costs and

2   attorney's fees pursuant to 17 U.S.C. §§ 1203(b)(4)-(5).

3       E.   On the Fifth Cause of Action, for an award of Allumination's profits and for actual

4   damages in such amount as may be found, or for statutory damages of not less than $2,500 or

5   more than $25,000 per violation pursuant to 17 U.S.C. § 1203(c)(3)(b). And for an order

6   permanently enjoining Allumination from falsifying Plaintiffs' copyright management

7   information pursuant to 17 U.S.C. § 1203(b)(1) and for an award of costs and attorney's fees

8   pursuant to 17 U.S.C. §§ 1203(b)(4)-(5).

9       F.   For prejudgment interest on the amount of the award to Plaintiff;

10      G.   And for such other and further relief as the Court deems equitable, proper, and just.

13  DATED: November 30, 2011

15          MELTZER GRANT LLC

16          by  /s/ Eric S. Meltzer
        by /s/ John E. Grant, III

17          Eric S. Meltzer WSBA #40203
        John E. Grant, III WSBA #39539

18          T: 503-953-1082
        F: 503-345-6912

19          E: eric@meltzergrant.com
        E: john@meltzergrant.com

20          Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

<u>EXHIBIT A</u>

COPYRIGHT CERTIFICATE PA-827-004

# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE ★ THE LIBRARY OF CONGRESS ★

**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

## FORM PA
For a Work of the Performing ...

**PA 827-004**

( PA )          ( PAU )

**EFFECTIVE DATE OF REGISTRATION**

July 28, 1996
Month          Day          Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** — **TITLE OF THIS WORK ▼**

BRUCE LEE'S JEET KUNE DO

**PREVIOUS OR ALTERNATIVE TITLES ▼**

N/A

**NATURE OF THIS WORK ▼** See instructions

Instructional video program of one hours duration

**2** —

**a** **NAME OF AUTHOR ▼**

LEGACY PRODUCTIONS Limited (New Zealand)

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ Australia

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?   ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3** —

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.

1995 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.

Month ▶ September  Day ▶ 15  Year ▶ 1995
United States of America ◀ Nation

**4** —

See instructions before completing this space.

**a** **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

LEGACY PRODUCTIONS Limited (New Zealand)
PO BOX 134
KENTHURST NSW 2156 AUSTRALIA

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**b**

**APPLICATION RECEIVED**
JAN 06 1997
**ONE DEPOSIT RECEIVED**
July 28 1996
**TWO DEPOSITS RECEIVED**
**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

Page 1 of _____ pages

**DO NOT WRITE HERE**

| EXAMINED BY DISETAP | FORM PA |
|---|---|
| CHECKED BY | |
| ☒ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

  some words, photographs and footage.

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

  all other cinematographic material

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**a**  Name ▼          Account Number ▼

**7**

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/ZIP ▼

**b**  LEGACY PRODUCTIONS LIMITED
PO BOX 134
KENTHURST   NSW   2156
AUSTRALIA

Area Code and Daytime Telephone Number ▶          Fax Number ▶

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▼

☒ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☐ authorized agent of _____

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

  Walt MISSINGHAM          Date ▶ 27 Dec 1996

☞ Handwritten signature (X) ▶  _Walt Missingham_

| Mail certificate to: | Name ▼ LEGACY PRODUCTIONS LIMITED | **9** |
|---|---|---|
| | Number/Street/Apt ▼ PO BOX 134 | |
| Certificate will be mailed in window envelope | City/State/ZIP ▼ KENTHURST   NSW   2156   AUSTRALIA | |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

September 1995—400,000          ♻ PRINTED ON RECYCLED PAPER          ☆U.S. GOVERNMENT PRINTING OFFICE: 1995-387-237/20,024

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

<u>EXHIBIT B</u>

COPYRIGHT CERTIFICATE PA1-032-415

# CERTIFICATE OF REGISTRATION



**UNITED STATES COPYRIGHT OFFICE**

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

**FORM PA**
UNITED STATES COPYRIGHT OFFICE

**REGISTRATION NUMBER**



PA 1 - 032 - 415

PAu001032415u

**EFFECTIVE DATE OF REGISTRATION**

| FEB | 27 | 2001 |
|-----|-----|------|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**

Bruce Lee The Intercepting Fist

**PREVIOUS OR ALTERNATIVE TITLES ▼**

N/A

**NATURE OF THIS WORK ▼** See instructions

Documentary Film of 58 minutes duration

**2**

**NAME OF AUTHOR ▼**

a  Phoenix Films Pty Ltd

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ Australia

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼
Entire Documentary

NOTE

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

b

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

c

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**3**

**a  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1999 ◀ Year

**b  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ February  Day ▶ 15  Year ▶ 1999
Nation ▶ Australia ◀ Nation

**4**

See instructions before completing this space

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Phoenix Films Pty Ltd
PO Box 134
Kenthurst NSW 2156 AUSTRALIA

APPLICATION RECEIVED
SEP 12 2000
ONE DEPOSIT RECEIVED
SEP 12 2000
TWO DEPOSITS RECEIVED
REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE
OFFICE USE ONLY

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions   • Sign the form at line 8

DO NOT WRITE HERE



EXAMINED BY   B.B.

CHECKED BY

CORRESPONDENCE
☐ Yes

FORM PA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5**

**PREVIOUS REGISTRATION**   Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼         Year of Registration ▼

**6**

**DERIVATIVE WORK OR COMPILATION**   Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material**   Identify any preexisting work or works that this work is based on or incorporates. ▼

some words, photographs and footage

See instructions
before completing
this space

b. **Material Added to This Work**   Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

all other cinematographic Material

**7**

**DEPOSIT ACCOUNT**   If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                          Account Number ▼

**CORRESPONDENCE**   Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/Zip ▼

PHOENIX FILMS PTY LTD
PO BOX 134
KENTHURST  NSW 2156
AUSTRALIA
Area Code & Telephone Number ▶  61 2 9679 1742

Be sure to
give your
daytime phone
◀ number

**8**

**CERTIFICATION***   I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  PHOENIX FILMS PTY LTD
        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

WALT MISSINGHAM                              date ▶ 3 SEPT 2000

Handwritten signature (X) ▼
Walt Missingham

**9**

MAIL
CERTIFI-
CATE TO

Certificate
will be
mailed in
window
envelope

Name ▼
PHOENIX FILMS PTY LTD
Number/Street/Apartment Number ▼
PO BOX 134
City/State/ZIP ▼
KENTHURST NSW 2156  AUSTRALIA

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Non-refundable $30 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material
MAIL TO:
Register of Copyrights
Library of Congress
Washington, DC 20559

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

<u>EXHIBIT C</u>

COPYRIGHT CERTIFICATE PA891-718

SEP-12-00 13:46 FROM-THOMSON & THOMSON Case 2:10-cv-07747-JLR Document 1 202-789-0741/30/11 Page 28 of 29 F-013

# FORM PA
### UNITED STATES COPYRIGHT OFFICE



**PA 891-718**

(PA) PAU

**EFFECTIVE DATE OF REGISTRATION**

April 21, 1998

Month   Day   Year



099311823

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

PATH OF THE DRAGON

**PREVIOUS OR ALTERNATIVE TITLES ▼**

N/A

**NATURE OF THIS WORK** See instructions

Documentary film of 43 minutes duration

---

**2**

**NAME OF AUTHOR ▼**

Warrior Within Pty Limited

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶ Australia

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

Entire Film

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

---

**3**

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ▶ 1998 ◀ Year in all cases.

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published. Month ▶ March Day ▶ 1 Year ▶ 1998
Australia ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Warrior Within Pty Limited
PO BOX 134
KENTHURST NSW 2156 Australia

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
APR 21 1998
**ONE DEPOSIT RECEIVED**
APR 21 1998
**TWO DEPOSITS RECEIVED**

**REMITTANCE NUMBER AND DATE**

DO NOT WRITE HERE

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

Page 2

EXAMINED BY _____ FORM PA

CHECKED BY _____

CORRESPONDENCE
☒ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5**

PREVIOUS REGISTRATION Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box)
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼ ___ Year of Registration ▼ ___

**6**

DERIVATIVE WORK OR COMPILATION Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

some words,  photographs and footage

See instructions
before completing
this space

b Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

all other cinematographic material

**7**

DEPOSIT ACCOUNT If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼  THOMSON & THOMSON CRB      Account Number ▼  DA   061794

CORRESPONDENCE Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Warrior Within Pty Limited
PO BOX 134
KENTHURST NSW  2156
AUSTRALIA    Area Code & Telephone Number ▶

Be sure to
give your
daytime phone
◀ number

**8**

CERTIFICATION* I, the undersigned, hereby certify that I am the
Check only one ▼
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
date ▶ 15 April 1998

WALT MISSINGHAM

Handwritten signature (X) ▼

**9**

MAIL
CERTIFI-
CATE TO
Name ▼
WARRIOR WITHIN PTY LIMITED
Number/Street/Apartment Number ▼
PO BOX 134
City/State/Zip ▼
KENTHURST NSW  2156   AUSTRALIA

Certificate
will be
mailed in
window
envelope

*17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.